UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BAIRN, LLC, ) | Case No.  21-40249 |
| ) | |
| Debtor. ) | |

### APPLICATION TO EMPLOY OVERTURF FOWLER LLP AS DEBTOR'S COUNSEL EFFECTIVE AS OF THE PETITION DATE

Bairn, LLC, as debtor and debtor-in-possession ("**Debtor**"), for its *Application to Employ Overturf Fowler LLP as Debtor's Counsel Effective as of the Petition Date* (the "**Application**") and in support, states as follows:

### Jurisdiction, Venue, and Statutory Basis

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are sections 105(a) and 327 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule B-2014-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Indiana (the "**Local Rules**").

### Factual Background

5. On October 5, 2021 (the "**Petition Date**"), Debtor filed a Voluntary Petition under Subchapter V of Chapter 11 of Title 11 of the Bankruptcy Code.

6. Debtor continues to operate and maintain its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee or examiner has been appointed in this Chapter 11 case and no official unsecured creditors' committee has been appointed herein. However, the appointment of a Subchapter V Trustee is anticipated.

## Relief Requested

8. In connection with the filing of this Chapter 11 bankruptcy case, Debtor will require and has requested legal advice and services, including but not limited to the following:

   a) Preparation of filings and applications and conducting examinations necessary to the administration of this matter;

   b) Advice regarding Debtor's rights, duties, and obligations as debtor-in-possession;

   c) Performance of legal services associated with and necessary to the day-to-day operations of the business, including, but not limited to, institution and prosecution of necessary legal proceedings, loan restructuring, and general business and corporate legal advice and assistance, all of which are necessary to the proper preservation and administration of the estate;

   d) Negotiation, preparation, confirmation, and consummation of a plan of reorganization; and

   e) Taking any and all other necessary action incident to the proper preservation and administration of the estate in the conduct of Debtor's business.

9. Debtor wishes to employ Overturf Fowler LLP ("**OFA**") as its counsel with respect to the above-captioned matter.

10. The attorneys of OFA are admitted to practice in this Court, are familiar with Debtor's legal and operational issues, have knowledge and experience in bankruptcy practice, and are well qualified to represent Debtor.

11. Sugarhill Corporation ("**Sugarhill**"), who has an agreement to manage debtor's real property, is an affiliate of Debtor as defined by section 101(2) of the Bankruptcy Code.

12. Neither OFA nor any member or employee thereof is a creditor, an equity security holder, or an insider of Debtor or Sugarhill.

13. Neither OFA nor any member or employee thereof is or was employed by Debtor or Sugarhill during the twelve months prior to the petition, including employment by an officer, director, shareholder, partner or limited partner of the debtor, or any entity that has guaranteed an obligation of the Debtor or is liable on any obligation of the debtor or pledged property to secure an obligation of the Debtor.

14. Neither OFA nor any member or employee thereof has represented Debtor or Sugarhill during the twelve months prior to the petition, except to the extent OFA has represented Debtor in relation to the above-captioned bankruptcy filing. No amount is owed by Debtor on account of such representation, as of the Petition Date.

15. No other position was by any member or employee of OFA in Sugarhill during the two years prior to the Petition Date.

16. Neither OFA nor any member or employee thereof has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

17. To the best of Debtor's knowledge, OFA has not represented and does not have any relevant connections with Debtor, creditors, any other party in interest, their

respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

18.    OFA may have rendered services to, and may continue to render services to, certain of Debtor's creditors or other parties in interest in matters wholly unrelated to this case.  In each case, however, the association is and will be completely unrelated to this case and the interests of Debtor.  Furthermore, in each case, OFA has obtained conflict waivers as required under Indiana's Rules of Professional Ethics. Although no such conflicts or waiver exist at this time, copies of all conflict waivers that may be obtained in the future will be timely filed as a supplement to this Application as necessary.

19.    Additionally, pursuant to N.D. Ind. 2014-1 and to the best of the undersigned counsel's knowledge, OFA does not have any connections with the Debtor, creditors or interested parties in this bankruptcy case.

20.    Should a controversy arise in this Chapter 11 case creating the need to assert or defend an adversary proceeding or contested matter involving a creditor or party-in-interest that is a client of OFA, OFA will not represent Debtor or the creditor or party-in- interest in such adversary proceeding or contested matter absent consent resolving any prohibition for such representation under the Rules of Professional Conduct and any applicable statutes or rules relating to this case.  If OFA cannot represent Debtor in any such adversary proceeding or contested matter, OFA expects that special counsel can be utilized for such representation.

21.    Based upon the foregoing, OFA is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

22. In support of this Application to Employ, Debtor has attached hereto and incorporate herein by reference the Affidavit of Sarah L. Fowler in Support of Application to Employ Overturf Fowler LLP as Debtor's Counsel Effective to Petition Date and an engagement agreement as **Exhibits A** and **B**, respectively.

23. As further set forth in the engagement letter, OFA will bill Debtor based on its customary hourly rates for work of this nature.

24. Prior to the Petition Date, the Debtor provided OFA a retainer in the amount of $15,000.00, a portion of which was applied to prepetition fees under the engagement agreement. OFA will hold the any amounts remaining from the retainer, if any, under the engagement agreement during these chapter 11 cases as security for the payment of fees and expenses under the engagement agreement.

25. The standard hourly rates, effective January 1, 2021, charged by each attorney and paralegal proposed as counsel, are as follows:

| Name | Role | Rate |
|---|---|---|
| Weston E. Overturf | Partner | $375.00 |
| Sarah L. Fowler | Partner | $350.00 |
| Anthony T. Carreri | Associate | $325.00 |
| Deidre Gastenveld | Paralegal | $175.00 |
| Ellen Eagleson | Paralegal | $150.00 |

**WHEREFORE**, Bairn, LLC respectfully requests the Court enter an Order authorizing it to retain and employ the law firm of Overturf Fowler LLP as its counsel in this bankruptcy case effective as of the Petition Date on the terms and conditions set forth herein and in the engagement agreement and granting Debtor all other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Deborah A. Bain
Deborah A. Bain, President of Bairn, LLC

*/s/ Sarah L. Fowler*
Weston E. Overturf, Atty. No. 27281-49
Sarah L. Fowler, Atty. No. 30621-49
OVERTURF FOWLER LLP
9102 N. Meridian Street, Suite 555
Indianapolis, IN 46260
(317) 559-3387
wes@ofattorneys.com